**HA–LO INDUSTRIES, INC., an Illinois corporation, Plaintiff,**

v.

**YOUR FAVORITE PRODUCERS, INC., a California corporation, Defendant.**

No. 95 C 5752.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 21, 1995.

234

This is not acceptable. As happened here, counsel other than principal counsel are almost never familiar enough with the case to be able to discuss all aspects of it. (Defendant's counsel did not know if there had been a timely rejection of goods sent and received in this UCC case.) The purpose of Rule 16 conferences is to discuss the issues, discourage wasteful pretrial activities, facilitate settlement and expedite the disposition of the action. These purposes will almost surely not be accomplished if principal counsel sends a "third chair" associate to "sit in" on a conference. Accordingly, the Rule 16 conference will be continued to January 4, 1996, at 8:00 a.m. Since counsel has wasted the time of counsel on the other side, he is ordered to pay plaintiff's counsel his costs, $150.00, within two weeks. At the continued conference, counsel shall be prepared to discuss the facts of the case, legal issues, and settlement.

David Benjamin Pogrund, James M. Davis, Stone, Pogrund, Korey & Spagat, Chicago, IL, for plaintiff.

Marilee Roberg, Sheldon Davidson, David D. Gorman, Pedersen & Houpt, P.C., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

A Rule 16 conference was scheduled in this case for 8:30 a.m. on December 19, 1995. Despite the fact that Rule 16, FED.R.CIV.P., requires that "the attorneys for the parties" be present and that "[a]t least one of the attorneys for each party participating in any conference ... have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed," principal counsel for defendant did not attend. Counsel attending (who said she was "third chair") said principal counsel was at a firm management meeting at the time.